UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN THIEL and KRISTINE MAKO,
individually, and BRIAN THIEL as
Personal Representative of the Estate
of JULIETTE THIEL,

    Plaintiffs,

vs.                                                                     Case No. 11-15112

BABY MATTERS, LLC and WILLIAMS-SONOMA      HON. AVERN COHN
STORES, INC.,

    Defendants.
_____/

**MEMORANDUM AND ORDER GRANTING PLAINTIFFS'**
**MOTION TO FILE SECOND AMENDED COMPLAINT (Doc. 54)**[1]

**I.  INTRODUCTION**

This is a wrongful death/products liability case arising out of the death of four-month-old infant Juliette Thiel (Juliette) while she was sleeping in her crib in her parents' home. Juliette's parents, Plaintiffs Kristine Mako (Mako) and Brian Thiel (Brian)[2] (collectively, Plaintiffs) are suing Defendants Baby Matters, LLC (Baby Matters), the designer and manufacturer of the second generation portable recliner "Nap Nanny" used in the crib at the time of Juliette's death, and Williams-Sonoma Stores, Inc. (Williams-Sonoma), the designer and manufacturer of the "bumper pad" used in the crib at the time of Juliette's death.

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Brian is the personal representative of Juliette's estate. The estate is also a named plaintiff.

Plaintiffs' first amended complaint (Doc. 31) is in six counts:

Count I       Negligence (Baby Matters)

Count II      Negligence (Williams-Sonoma)

Count III     Gross Negligence (Baby Matters)

Count IV     Gross Negligence (Williams-Sonoma)

Count V      Negligent Infliction of Emotional Distress (Baby Matters)

Count VI     Intentional Infliction of Emotional Distress (Baby Matters)

Recently, Baby Matters went out of business. On September 11, 2013, Plaintiffs were notified that Baby Matters was issued a reservation of rights letter from its insurer in August of 2013.[3] Apparently, Baby Matters' insurer has issued a reservation of rights letter regarding coverage of the gross negligence and intentional infliction of emotional distress claims.

Now before the Court is Baby Matters' motion for leave to file a second amended complaint adding the owner of Baby Matters, Leslie Gudel-Kemm (Gudel-Kemm), as defendant, and claims of negligence, gross negligence, negligent infliction of emotional distress and intentional infliction of emotional distress against her. (Doc. 54). Baby Matters filed a response in opposition to the motion. (Doc. 56). Williams-Sonoma does not oppose the motion. (Doc. 55). For the reasons that follow, the motion will be granted.

## II. BACKGROUND

The facts of this case are stated in a prior order and are not repeated here. *See* (Doc. 52 at 2–3).

---

[3] The letter is not part of the record as it currently stands.

Plaintiffs filed their complaint against Baby Matters, only, over two years ago, on November 18, 2011. (Doc. 1). After the complaint was filed, Baby Matters filed a notice of non-party fault naming the crib manufacturer and Pottery Barn, Inc., the bumper pad manufacturer acquired by Williams-Sonoma in 1986, as a responsible party for Juliette's death (Doc. 21). Plaintiffs then amended their complaint to add claims against Williams-Sonoma (Doc. 31).

The sole issue presented in Plaintiffs' current motion is whether they should be granted leave to file a second amended complaint against Gudel-Kemm asserting the same claims that they originally brought against Baby Matters. Plaintiffs seek to amend the complaint due to the insurance coverage issues that have come to light and the fact that Baby Matters has gone out of business.

### III. LEGAL STANDARD

Fed. R. Civ. P. 15(a)(2) allows a party to amend its complaint after a responsive pleading has been filed, with written consent of the opposing party or the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Rule 15 states that leave "shall be freely given" when the underlying facts would support a claim, grounds for denying a motion for leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, failure to cure deficiencies by amendments previously allowed, lack of notice to the opposing party, prejudice to the opposing party, and futility of the amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

The decision whether to permit an amendment is committed to the discretion of the trial court. *See, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–32

(1971); *Estes v. Ky. Util. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980). This discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits," rather than the technicalities of pleadings. *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted); *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

When denying a motion to amend because of delay, a court must find "at least some significant showing of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). Delay to the other party, standing alone, is not enough to bar the amendment if the other party is not prejudiced. *Id.* (citation omitted). However, the Sixth Circuit has recognized that "allowing an amendment after the close of discovery creates significant prejudice. *Duggins v. Steak "N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Moore*, 780 F.2d at 560).

Moreover, proper grounds to deny a motion to amend exist if the amendment would be futile. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505 (6th Cir. 2010) (citation and internal quotations omitted).

## IV. DISCUSSION

Baby Matters asks the Court to deny Plaintiffs' motion to amend on two grounds. First, Baby Matters contends that Plaintiffs' motion for leave to file a second amended complaint is untimely, will cause unnecessary delay and will prejudice Baby Matters. Second, Baby Matters argues that Plaintiffs' motion should be denied as futile.

The Court will first explain why the claims against Gudel-Kemm personally are not

futile. Next, the Court concludes that allowing Plaintiffs to amend the complaint will not prejudice Baby Matters and better serves the interests of judicial economy.

**A. Plaintiffs' Claims Are Not Futile**

The purpose of setting up a limited liability company is to shield members from personal liability arising out of the limited liability company's actions. Indeed, "[o]nce a limited liability company comes into existence, limited liability applies, and a member or manager is not [personally] liable for the acts, debts, or obligations of the company. *Duray Dev., LLC v. Perrin*, 288 Mich. App. 143, 151 (2010) (citation omitted). *See also* Mich. Comp. Laws § 450.4501(4) ("Unless otherwise provided by law or in an operating agreement, a person that is a member or manager, or both, of a limited liability company is not liable for the acts, debts, or obligations of the limited liability company.").

However, the limited liability of members in a limited liability company is not bulletproof. Under Michigan law, "[t]he rules regarding piercing a corporate veil are applicable in determining whether to pierce the corporate veil of a limited-liability company." *Florence Cement Co. v. Vettraino*, 292 Mich. App. 461, 468–69 (2011) (citing *Lakeview Commons Ltd. P'ship v. Empower Yourself, LLC*, 290 Mich. App. 503, 510 n.1 (2010)). Thus, "[i]n order for a court to order a corporate veil to be pierced, the corporate entity (1) must be a mere instrumentality of another individual or entity, (2) must have been used to commit a wrong or fraud, and (3) there must have been an unjust injury or loss to the plaintiff." *Id.* at 469 (citing *Rymal v. Baergen*, 262 Mich. App. 274, 293–94 (2004); *RDM Holdings, Ltd. v. Cont'l Plastics Co.*, 281 Mich. App. 678, 702–05 (2008)).

Here, Plaintiffs do not claim that Baby Matters is a mere instrumentality of Gudel-Kemm or that Gudel-Kemm used Baby Matters to commit a wrong. Indeed, Plaintiffs do

5

not attempt to pierce the corporate veil in the traditional sense to hold Gudel-Kemm personally liable. Rather, Plaintiffs argue that Gudel-Kemm, like any member in a limited liability company, can be held liable for the sole reason that she personally participated in the commission of a tortious act. *Dep't of Agriculture v. Appletree Mktg., L.L.C.,* 485 Mich. 1, 17 (2010); *Attorney Gen. v. Ankersen*, 148 Mich. App. 524, 557 (1986); *Citizens Ins. Co. of Am. v. Delcamp Truck Ctr.*, 178 Mich. App. 570, 576 (1989); *Wines v. Crosby*, 169 Mich. 210 (1912). The Court agrees.

As stated above, under Mich. Comp. Laws 450.4501(4), "[u]nless otherwise provided by law or in an operating agreement, a person that is a member or manager, or both, of a limited liability company is not liable for the acts, debts, or obligations of the limited liability company." A recent unpublished decision of the Michigan Court of Appeals held that the phrase "unless otherwise provided by law" in the statute allows for individual liability of a member or manager who is personally involved in the commission of a tort:

> In the context of general corporate law, this Court in *Hartman & Eichhorn Bldg. Co., Inc. v. Dailey*, 266 Mich. App. 545, 549 (2005), stated:
>
> [I]t appears that the trial court accepted, without indicating any authority for its conclusion, the argument that an agent cannot be liable for his tortious conduct if that conduct was done in the capacity as an agent of the corporation. But as this Court observed in *Warren Tool Co. v. Stephenson*, [11 Mich. App. 274, 300 (1968)], an agent may be held liable for those torts in which the agent participated.
>
> "It is a familiar principle that the agents and officers of a corporation are liable for torts which they personally commit, even though in doing so they act for the corporation, and even though the corporation is also liable for the tort. *Zaino v. North Woodward Construction Company*, [355 Mich. 425, 429 (1959)] (fraudulent representations); *Allen v. Morris Building Company*, [360 Mich. 214 (1960)] (willful change in natural flowage of water); *Wines v. Crosby & Co.*, [169 Mich. 210, 214 (1912)] (active promotion and sale of a compound known to be dangerous); *Bush v. Hayes*, 286 Mich. 546, 549 (1938)] (conversion); *Hempfling v. Burr*, 59 Mich. 294, 295 (1886)] (fraud).

[*Id.*]"

We conclude that this well-accepted principle of law regarding individual tort liability and business entities should apply in relationship to the "unless otherwise provided by law" exception of MCL 450.4501(3). Therefore, the remaining tort claims may be pursued against the Beans individually.

*Waun v. Universal Coin Laundry Mach., LLC*, No. 267954, 2006 WL 2742007, at *11 (Mich. Ct. App. Sept. 26, 2006).

The Court is persuaded that the Michigan Supreme Court would follow *Waun* if faced with the same issue, particularly because Michigan law treats corporations and limited liability companies identical when determining whether to pierce the corporate veil.[4] Taking the allegations of Plaintiffs' proposed second amended complaint as true, Plaintiffs have alleged sufficient facts that Gudel-Kemm was personally involved in the commission of a tort. Therefore, Plaintiffs' claims against Gudel-Kemm individually are not futile.

**B. Baby Matters Will Not Be Prejudiced By Amendment**

The Court is sympathetic to Baby Matters' position that allowing Plaintiffs to amend the complaint may cause some delay. Plaintiffs knew about the facts giving rise to Gudel-Kemm's liability at the time the complaint was filed but did not add her as a defendant. However, the potential for delay, alone, is not sufficient to deny Plaintiffs' motion to amend.

Baby Matters has failed to show that it will be prejudiced if amendment is allowed. The statute of limitations has not run. *See* Mich. Comp. Laws § 600.5805. Therefore,

---

[4] In diversity cases, this Court must apply the substantive law of Michigan, as the forum state, anticipating how the Michigan Supreme Court would rule in the case. *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607–08 (6th Cir. 2012) (citations omitted). If "the Michigan Supreme Court has not addressed the issue presented," the Court must "anticipate how [it] would rule in the case." *Id.* (citing *Allstate Ins. Co. v. Thrifty Rent–A–Car Sys. Inc.*, 249 F.3d 450, 454 (6th Cir. 2001)).

Plaintiffs can file a claim against Gudel-Kemm in a separate action. Judicial economy will be best served by allowing amendment.

In addition, discovery remains open until January 12, 2014. Trial is not scheduled until July 15, 2014. Accordingly, adequate time remains to complete discovery.

Under the circumstances, delay alone is insufficient to justify denial of Plaintiffs' motion to amend. *Moore, supra*, 790 F.2d at 562 (citation omitted). As Justice Frankfurter once said, "Wisdom too often never comes, and so one ought not to reject it merely because it comes late." *Henslee v. Union Planters Nat'l Bank & Trust Co.*, 335 U.S. 595, 600 (1949) (Frankfurter, J., dissenting). Because Baby Matters cannot show any real prejudice, Plaintiffs will be allowed to file a second amended complaint.

### V. CONCLUSION

For the reasons stated above, Plaintiffs' motion for leave to file a second amended complaint is GRANTED.

SO ORDERED.

    s/Avern Cohn
    UNITED STATES DISTRICT JUDGE

Dated: October 31, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 31, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
    Case Manager, (313) 234-5160